FILED
JUN 1 4 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 4:23CR310 MTS/RHH |
| MARTEZ D. LINDSEY, | ) |
| Defendant. | ) |

## MOTION FOR PRETRIAL DETENTION

COMES NOW the United States of America, by and through undersigned counsel, and moves the Court to order Defendant Martez D. Lindsey detained pending trial. The Government also requests that a detention hearing be held three days from the date of Lindsey's initial appearance before the U.S. Magistrate Judge, pursuant to the Bail Reform Act of 1984. *See* 18 U.S.C. § 3142(f).

For its grounds, the Government provides as follows:

1.  Defendant is charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

2.  Lindsey's arrest arose out of a hit-and-run incident in which he killed a man and fled the scene. After a months-long investigation, detectives with the St. Louis Metropolitan Police Department ("SLMPD") determined that Lindsey was driving the Dodge Charger that struck the man—and that he was driving recklessly through downtown St. Louis before and after the collision. Based on RTCC video footage, interviews, and other evidence, detectives secured a state search warrant for Lindsey's apartment, which they executed on April 25, 2023. In Lindsey's bedroom, officers found a loaded Taurus handgun, which had been reported stolen, as well as various controlled substances, a digital scale with powder residue, and $1370 in smaller denomination bills. During a post-*Miranda* interview, Lindsey admitted that gun was his, that he used it for his protection, and that he was a convicted felon and thus could not possess guns.

3. Pursuant to 18 U.S.C. § 3142(g), pretrial detention is warranted in this case due to the weight of evidence against Lindsey, his history and characteristics, the danger he poses to the community, and the need to assure his appearance at future proceedings.

4. *First*, Lindsey poses a significant flight risk. In the present case, he fled after striking a man with his vehicle, and he refused to accept responsibility even after learning of the victim's death on the news. Instead, he attempted to conceal his involvement by hiding evidence that tied him to the Charger. Lindsey also has resisted arrest multiple times, including a prior felony conviction for Resisting Arrest. *State v. Martez D. Lindsey*, No. 1022-CR03870-01 (Mo. 22nd Cir. Ct.). Likewise, he has proven unamenable to supervision, including his termination from the shock-incarceration program in two cases and multiple probation violations in his most recent conviction. *See id.*; *State v. Martez D. Lindsey*, Nos. 1022-CR005256-01, 1622-CR00787 (Mo. 22nd Cir. Ct.). Lastly, in the present case, Lindsey faces a significant prison term, and the evidence against him is overwhelming: he had a Taurus handgun in his bedroom along with significant indicia of drug trafficking, and he admitted to not only possessing the firearm but that he knew he was prohibited from doing so as a convicted felon. Thus, a preponderance of evidence shows that no combination of conditions of release would reasonably assure his appearance as required at future proceedings.

5. *Second*, Lindsey represents a danger to the community. Even after killing a pedestrian, Lindsey continued joyriding through downtown St. Louis in a reckless manner, and his possession of a gun with indicia of drug-trafficking poses a serious potential for violence. Additionally, Lindsey has a continuous string of criminal history dating back more than a decade. In addition to his 13 prior felony convictions, Lindsey been arrested for numerous offenses, including two domestic-assault incidents in which distinct victims reported that he bit, choked, slapped, and punched them. Thus, clear and convincing evidence shows that no combination of conditions of release would reasonably assure the safety of the community.

6.      In sum, because no conditions of release would mitigate Lindsey's flight risk and or the danger he poses to the community, pretrial detention is warranted in this case.

WHEREFORE, the United States requests that this Court order Lindsey detained prior to trial and further order a detention hearing three days from the date of his initial appearance.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Zachary M. Bluestone*
ZACHARY M. BLUESTONE, #69004MO
Assistant United States Attorney
111 South Tenth Street, Room 20.333
Saint Louis, MO 63102
(314) 539-2200